IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| RONDELL LEON CARTER, | Civil Action No. 3:09-779-CMC-JRM |
| Plaintiff, | |
| vs. | |
| SHEP BONE, A GEORGETOWN CITY POLICE OFFICER; | |
| BRIAN PICARD, A GEORGETOWN CITY POLICE OFFICER; | **REPORT AND RECOMMENDATION** |
| JASON WARD, CPL, A GEORGETOWN COUNTY SHERIFF'S DEPUTY; | |
| INVESTIGATOR MICHAEL NELSON; AND INVESTIGATOR GARRY TODD, | |
| Defendants, | |

Plaintiff filed this action on March 27, 2009.[1] He is currently detained at the Georgetown County Detention Center ("GCDC") in Georgetown, South Carolina. On July 30, 2009, Defendants Shep Bone ("Bone") and Brian Picard ("Picard"), City of Georgetown police officers, filed a motion for summary judgment. Because Plaintiff is proceeding pro se, he was advised on July 31, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendants' motion for summary judgment with additional evidence or counter-affidavits could result in the dismissal of his complaint. Plaintiff filed a response in opposition to summary judgment on August 20, 2009. Defendant Jason Ward ("Ward"), a City of Georgetown police officer,[2] filed

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

[2]Ward provides that Plaintiff misidentified him as a Georgetown County Sheriff's Deputy. He states that he has worked with the Organized Crime Task Force that includes officers from

a motion for summary judgment on August 28, 2009. Another Roseboro order was issued on August 31, 2009. Plaintiff filed another response in opposition to summary judgment on September 10, 2009. Defendant Ward filed a reply on September 17, 2009. Defendants Investigator Michael Nelson ("Nelson") and Investigator Garry Todd ("Todd"), Georgetown County Sheriff's Deputies, filed a motion for summary judgment on September 11, 2009. Another Roseboro order was issued on September 14, 2009. On October 13, 2009, Plaintiff filed what appears to be another response in opposition to summary judgment (an affidavit with exhibits that was attached to Plaintiff's motion to appoint counsel).[3]

## FACTS

On January 1, 2009, Plaintiff was stopped by Bone and Picard in the parking lot of Winyah Village. Plaintiff states he was picking up a friend named Selina Patterson ("Patterson"). He does not dispute that he did not have a driver's license and was driving a car owned by a third party (his friend Chernee Harris). Plaintiff was arrested for driving without a driver's license.

The vehicle was searched by a K-9 unit dog and police. A substance thought to be marijuana and keys to a room at the Jamison Inn were found in the vehicle. When asked about an item he allegedly left in front of the Georgetown City Police Department (an unopened bottle of vodka), Plaintiff denied any knowledge of the incident. The hotel room was searched and white pills, what appeared to be marijuana, drug paraphernalia, plastic baggies, cigar fillings, and $41.28 were found.

Plaintiff appears to have been charged on January 2, 2009, with furnishing alcohol to prisoners, unlawful possession of a controlled substance with intent to distribute, possession of drug

---

Georgetown County, but he is a City of Georgetown police officer. Ward Aff., Para. 2.

[3]Plaintiff's motion to appoint counsel was denied on October 19, 2009. See Doc. 49.

paraphernalia, and simple possession of marijuana. He states that $2,406.64 was confiscated from his personal belongings.[4] Plaintiff "bonded out" on these charges.

On January 13, 2009, Plaintiff was arrested on the charge of receiving stolen property. He was served by Ward, on January 14, 2009, with an arrest warrant for the manufacture and distribution of methamphetamine or cocaine as to incidents which allegedly occurred in October and November 2008. Plaintiff "bonded out" on these charges.

On January 24, 2009, Plaintiff was again stopped for driving without a license. After being taken to the GCDC, he was served (about two hours later) with warrants for burglary first, kidnaping, assault, assault and battery with intent to kill, and use of a weapon/possession of a weapon during a violent crime. He does not appear to have "bonded out" on these charges.

## **DISCUSSION**

Plaintiff alleges "Wrongful[] Imprisonment, improper procedures conducted during arrest, Pain and Suffering, [and] Def[a]mation of Character" as a result of the alleged actions. Complaint at 2. Plaintiff requests $5.5 million dollars in compensation and for the Court to put a stop to the

---

[4]Plaintiff may be attempting to assert a claim concerning the taking of his property. In the case of an unauthorized intentional property deprivation, no due process claim arises unless or until the state fails or refuses to provide a suitable post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984). The Fourth Circuit has held that a district court should deny relief under section 1983 if state law provides a viable remedy for personal property loss, even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of the state. Yates v. Jamison, 782 F.2d 1182, 1183-84 (4th Cir.1986). It has been held that claims related to personal property are cognizable under South Carolina state law. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir.1986). There are also specific South Carolina laws governing the return of property seized and/or forfeited in connection with criminal charges. See, e.g., S.C.Code Ann. §§ 44-53-530; 44-53-586. Here, even if Plaintiff has alleged an unauthorized intentional property deprivation, he fails to show a constitutional violation because he has a meaningful post-deprivation for his alleged loss under South Carolina law.

3

"crooked ways of the Georgetown County Sheriff's Department and the City Police Department." Complaint at 5.[5]

Defendants Bone, Picard, and Ward argue that they are entitled to summary judgment because: (1) this Court should abstain from enjoining ongoing state criminal proceedings; (2) Plaintiff's case is not ripe for review because there is no case or controversy; (3) Defendants Bone and Picard had reasonable suspicion of criminal activity to stop Plaintiff; (4) Plaintiff fails to show that his rights were violated by Ward serving him with an arrest warrant; (5) there was probable cause to arrest Plaintiff; (6) Plaintiff's Fourth Amendment rights were not violated as to the search of the hotel room because Patterson consented to the search; (7) they are immune from liability as to all state law claims under the South Carolina Tort Claims Act ("SCTCA"), S.C. Code § 15-78-10 et seq.; and (8) they are entitled to qualified immunity. Defendants Nelson and Todd contend that they are entitled to summary judgment because: (1) they had probable cause to arrest Plaintiff; (2) Plaintiff fails to show that he was falsely imprisoned; (3) they are entitled to qualified immunity; (4) they are entitled to Eleventh Amendment immunity; (5) Plaintiff fails to establish a claim for negligent investigation; (6) this court should abstain from enjoining ongoing state criminal

---

[5]Plaintiff alleges that Patterson should not have been charged with allowing an unauthorized person to drive because the vehicle did not belong to Patterson (and instead belonged to Harris). Complaint at 3. Plaintiff, who has brought this action pro se, lacks standing to assert the claims of others. See Laird v. Tatum, 408 U.S. 1 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)(a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972); and Hummer v. Dalton, 657 F.2d 621, 625-626 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for others). Cf. Oxendine v. Williams, 509 F.2d 1405, 1407 & n. * (4th Cir. 1975)(a pro se prisoner cannot be an advocate for others in a class action); and McNeil v. Guthrie, 945 F.2d 1163, 1164 & nn. 1-2 (10th Cir. 1991).

4

proceedings; and (7) any perceived state claims should be dismissed under the discretion of the court.

### 1. **<u>Heck v. Humphrey</u>**

Plaintiff's claims for damages pursuant to § 1983, except as to his claims for false arrest and false imprisonment (discussed further below), are barred because they were filed prematurely. The Supreme Court has held that in order to recover damages for imprisonment in violation of the United States Constitution, the imprisonment must first be successfully challenged. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994); <u>see</u> <u>Edwards v. Balisock</u>, 520 U.S. 641 (1997) (the preclusive rule of <u>Heck</u> extended to § 1983 claims challenging procedural deficiencies which necessarily imply the invalidity of the judgement). A favorable determination on the merits of Plaintiff's claims in this § 1983 action would require a finding that his imprisonment is invalid. The United States Supreme Court states that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." <u>Heck v. Humphrey</u>, 512 U.S. at 487. Plaintiff has not demonstrated that he has successfully challenged the lawfulness of his confinement. Such claims should be dismissed without prejudice to allow Plaintiff to file his claims after successfully challenging his conviction through appropriate avenues.

### 2. **<u>False Arrest/Wrongful Imprisonment</u>**

Plaintiff appears to allege that his constitutional rights were violated because he was falsely arrested and falsely (or wrongfully) imprisoned. Section 1983 actions premised on alleged false arrest and/or false imprisonment claims are analyzed as unreasonable seizures under the Fourth Amendment. <u>See</u>, <u>e.g.</u>, <u>Brown v. Gilmore</u>, 278 F.3d 362, 367 (4th Cir. 2002)(recognizing that a

5

plaintiff alleging a § 1983 false arrest claim needs to show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment); Rogers v. Pendleton, 249 F.3d 279, 294 (4th Cir. 2001)(claims of false arrest and false imprisonment "are essentially claims alleging a seizure of the person in violation of the Fourth Amendment").

Heck v. Humphrey does not act as an impediment to filing a false arrest or false imprisonment claim. Wallace v. Kato, 549 U.S. 384 (2007) (false arrest claim seeking damages for violation of Fourth Amendment accrues at arrest, not when conviction is set aside). Although Plaintiff may bring his false arrest and wrongful imprisonment claims at this time, he fails to show that his constitutional rights were violated as to the arrests (and related imprisonment) he challenges. Plaintiff does not appear to dispute his arrest on January 1, 2009 for driving without a license, his arrest on January 13, 2009 for receiving stolen property, or on January 24, 2009 for driving without a license. He does, however, challenge his arrest (which appears to have been on January 2, 2009) for furnishing alcohol to prisoners, unlawful possession of controlled substances with intent to distribute, possession of drug paraphernalia, and simple possession of marijuana; his arrest on January 14, 2009 for the manufacture and distribution of methamphetamine or cocaine; and his arrest (on January 24, 2009) for burglary first, kidnaping, assault, assault and battery with intent to kill, and the use of a weapon/possession of a weapon during a violent crime).[6]

---

[6]To the extent that Plaintiff is challenging the actions of Bone and Picard in pulling over his vehicle on January 1, 2009, his claim fails because Bone and Picard had reasonable suspicion to make the investigatory stop. See United States v. McCoy, 513 F.3d 405, 411 (4th Cir. 2008). Officer Picard states that he saw a black male with a plastic bag in his hand exit a red Chevrolet Monte Carlo with paper tags which was parked by the Municipal Court, he saw this individual and a jail trustee gesture to each other, the black male returned to the Monte Carlo without the bag, and afterwards a K-9 unit discovered a white plastic bag in the bushes which contained a bottle of vodka (the furnishing of alcohol to prisoners is a violation of S.C. Code Ann. §24-13-460). Picard Aff., Paras. 4-6. Bone states that Picard informed him that an unopened bottle of vodka was found in the bushes

The arrests in question (and subsequent detentions) were made pursuant to facially valid warrants. Under § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir.1998); Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir.1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest). In Baker v. McCollan, 443 U.S. 137, 143-44 (1979), the United States Supreme Court determined that the issuance of a facially valid warrant by a magistrate satisfies the probable cause standard. An officer who makes an arrest pursuant to a warrant is entitled to qualified immunity unless "the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Malley v. Briggs, 475 U.S. 335, 344-345 (1986).

Plaintiff appears to allege that his arrest in January 2009 by Ward on charges from October and November 2008 violated his rights because Ward did not arrest him at the time of the alleged crime(s), but arrested him several months later. He has, however, provided no authority to show that this later arrest, which Defendants appear to assert was necessary to protect undercover operations and the use of confidential informants, was unconstitutional.

In his August 20, 2009 opposition memoranda, Plaintiff appears to allege that the January 2, 2009 arrest warrant was not facially valid because there was some additional information in the warrant that was not included in the incident report. He, however, fails to show that the arrest warrant included false or misleading statements that were necessary to the finding of probable cause. See Wilkes v. Young, 28 F.3d 1362, 1365 (4th Cir. 1994), cert. denied, 513 U.S. 1151 (1995).

---

in front of the police station and a red Monte Carlo was involved. He located the vehicle and pulled it over. Bone Aff., Para. 3.

In his September 10, 2009 opposition memorandum, Plaintiff appears to allege that the arrest warrant served by Ward was not facially valid because it was written on the warrant that Ward was employed by the Georgetown County Sheriff's office, but Ward is actually employed by the Georgetown City Police Department. He also asserts that Ward has not produced videos or recorded evidence of the alleged drug transactions. Plaintiff also appears to claim that the warrant is not facially valid because it does not have the exact location of where the drugs were sold, how much money was spent, or the amount of drugs sold. He also complains that it took two weeks for the Evidence Supervisor of the Georgetown County Sheriff's Office to pick up the evidence from the Drug Drop Box where Ward deposited the evidence after the alleged incident(s). Plaintiff argues that his arrest warrant for burglary first is invalid because it does not have a case number on it. See Plaintiff's October 13, 2009 Aff. (Doc. 47-1).

Plaintiff fails to show that the arrest warrants were not facially valid based on the above information. Further, to the extent that a mere technical error has been shown, such an error does not make the warrant invalid. See McLean v. Mallott, 10 F.3d 806 (4th Cir. 1993)(unpublished)(typographical error on arrest warrant did not render warrant invalid); United States v. Carter, 756 F.2d 310, 313 (3d Cir. 1985), cert. denied, 478 U.S. 1009 (1986). A mere technical error does not automatically invalidate the warrant. "The true inquiry ... is ... whether there has been such a variance as to 'affect the substantial rights' of the accused." Cromer v. United States, 142 F.2d 697 (D.C.Cir. 1944)(quoting Berger v. United States, 295 U.S. 78, 82 (1935))

### 3. Hotel Room Search

Plaintiff appears to allege that the search of the hotel room violated his constitutional rights because he did not consent to the search. Picard states that he verified that the hotel room was

registered to Patterson and Patterson verbally consented and signed a consent form to search the hotel room. Picard Aff., Para. 9. If the consent is found to be voluntary, the search or entry is exempted from the requirements of both a warrant and probable cause. See Schneckloth v. Bustamonte, 412 U.S. 218 (1973). A warrantless search is justified if "permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974). Here, Plaintiff admits that the hotel room was registered to Patterson. Further, he has presented nothing to dispute that Patterson voluntarily consented to a search of the room.

### 4. **Negligent Investigation**

Defendants Nelson and Todd deny any error in conducting their investigation, but argue that even if there were errors, Plaintiff fails to establish a claim under § 1983. Negligence, in general, is not actionable under 42 U.S.C. § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n. 3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); and Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995)(applying Daniels v. Williams and Ruefly v. Landon: "The district court properly held that Daniels bars an action under § 1983 for negligent conduct."). Further, other courts which have addressed this issue have found that there is no cause of action for negligent investigation under § 1983 on the basis that deliberate acts are required. See Von Williams v. City of Albany, 936 F.2d 1256, 1260-61 (11th Cir. 1991); Williams v. City of Bridge City, Tex., 588 F. Supp. 1187, 1190 (E.D.Tex. 1984)(no cause of action under § 1983 for negligent conduct of officers who investigated crime for which charged; "to allow cause of action for negligent conduct would have a 'chilling effect' on law enforcement efforts. Negligent conduct is therefore simply not actionable."); Merrell v. Duffy, 1992 WL 168010 (E.D.Pa. 1992)(a

9

claim of negligent investigation does not rise to the level of constitutional violation which may be asserted under § 1983).

### 5. **Malicious Prosecution**

To the extent that Plaintiff is attempting to assert claims for malicious prosecution, such claims should be dismissed pursuant to Heck v. Humphrey and because Plaintiff fails to establish all elements for a claim for malicious prosecution. There is no independent cause of action for malicious prosecution under § 1983. To prevail on a Fourth Amendment malicious prosecution claim under § 1983, a plaintiff must show that: (1) the defendant initiated or maintained a criminal proceeding; (2) the criminal proceeding terminated in the plaintiff's favor; (3) the proceeding was not supported by probable cause; and (4) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. See Id. at 260-262 (4th Cir. 2000)(observing that a "malicious prosecution" claim under § 1983 is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates the common law malicious prosecution tort elements except for malice). Plaintiff has not shown that Defendants lacked probable cause or that his criminal proceedings were terminated in his favor.

### 6. **Pain and Suffering**

Plaintiff alleges a claim for pain and suffering. To the extent that he is asserting a claim under § 1983 for emotional injuries as a result of his arrests and detention, his claims fail. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. See Grandstaff v. City of Borger, 767 F.2d 161 (5th Cir. 1985), cert. denied, 480 U.S. 916 (1987); and Rodriguez v. Comas, 888 F.2d 899, 903 (1st Cir. 1989). The PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.[7]

42 U.S.C. § 1997e(e).

### 7. **Immunity**

Defendants Nelson and Todd contend that they are entitled to Eleventh Amendment immunity. When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state. In the case of Will v. Michigan Department of State Police, 491 U.S. 58 (1989), the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity [cites omitted] or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

Id. at 66.

---

[7]The PLRA does not define "physical injury" and the Fourth Circuit has not ruled on the issue, but the Fifth Circuit held that "physical injury" must be more than de minimis, but need not be significant. Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997)(concluding that a sore, bruised ear lasting for three days was de minimis and failed to meet the requisite physical injury to support a claim of emotional or mental suffering); see also Zehner v. Trigg, 952 F. Supp. 1318 (S.D. Ind. 1997)(exposure to asbestos not physical injury necessary to support claim for mental or emotional injury under the PLRA), aff'd, 133 F.3d 459 (7th Cir. 1997).

11

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments, and officials are entitled to the Eleventh Amendment immunity. Id. at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself and, therefore, against the state. State officials may only be sued in their individual capacities.

In Gulledge v. Smart, 691 F. Supp. 947 (D.S.C. 1988), aff'd mem., 878 F.2d 379 (4th Cir. 1989)[Table], the court addressed whether South Carolina sheriffs were state or county officials. The court applied South Carolina common law principles of the master and servant relationship and concluded that sheriffs are state officials. Id. at 954-955. The Fourth Circuit concluded, in Cromer v. Brown, 88 F.3d 1315 (4th Cir. 1996), that the Greenville County sheriff, in his capacity as a state official, was immune from suit for monetary damages under § 1983. Id. at 1332. Further, in Gulledge, the district court concluded that deputy sheriffs are agents of the sheriff and therefore under state, not county, control. Gulledge, supra; see also Heath v. Aiken County, 368 S.E.2d 904 (S.C. 1988). In Cone v. Nettles, 417 S.E.2d 523 (S.C. 1992), the Supreme Court of South Carolina cited Gulledge with approval and specifically held that South Carolina sheriffs and their deputies are state officials for § 1983 purposes. Defendants Nelson and Todd are employed by the Georgetown County Sheriff's Department. See Todd Aff., Para. 1; Nelson Aff., Para. 1. Thus, Defendants Nelson and Todd are entitled to Eleventh Amendment immunity from monetary damages in their official capacities.

All Defendants contend that they are entitled to qualified immunity in their individual capacities. The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the

12

standard which the court is to follow in determining whether a defendant is protected by qualified immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Id. at 818.

The Court of Appeals for the Fourth Circuit, discussing qualified immunity, stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994)(internal citations omitted), cert. denied, 516 U.S. 824 (1995). As discussed above, Plaintiff has failed to show that Defendants violated any of his clearly established constitutional or statutory rights. Therefore, Defendants are entitled to qualified immunity in their individual capacities.

### 8. State Law Claims

Plaintiff appears to allege claims (including defamation) under South Carolina law. Defendants Bone, Picard, and Ward contend that they are immune from liability as to any state law claims under the SCTCA. Defendants Nelson and Todd argue that any perceived state claims should be dismissed under the discretion of the court. As Plaintiff fails to show that Defendants violated his

13

rights under § 1983 (as discussed above), it is recommended, pursuant to 28 U.S.C. § 1367(c)(3), that any state law claims be dismissed.

## CONCLUSION

Based on review of the record, it is recommended that the motion for summary judgment of Defendants Bone and Picard (Doc. 27) be **granted**; Defendant Ward's motion for summary judgment (Doc. 33) be **granted**; and the motion for summary judgment of Defendants Nelson and Todd (Doc. 43) be **granted**.

Joseph R. McCrorey
United States Magistrate Judge

January 6, 2010
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).