IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rondell Leon Carter, #20090253, ) | C/A NO. 3:09-779-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Shep Bone, a Georgetown City Police ) | |
| Officer; Brian Picard, a Georgetown City ) | |
| Police Officer; Jason Ward, Cpl, ) | |
| a Georgetown County Sheriff's Deputy; ) | |
| Investigator Michael Nelson; and ) | |
| Investigator Garry Todd, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On January 6, 2010, the Magistrate Judge issued a Report recommending that Defendants' motions for summary judgment be granted. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on January 20, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo*

1

determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

In his Objections, Plaintiff indicates that he does not object to granting summary judgment to Defendants Nelson and Todd. Therefore, these Defendants' motion for summary judgment is **granted** and Plaintiff's claims against these Defendants are dismissed with prejudice.

Plaintiff's remaining objections refer back to arguments contained in his Memorandum in Opposition to Defendants' motions for summary judgment. For the same reasons these arguments were rejected by the Magistrate Judge in the Report, this court rejects Plaintiff's arguments.

As to Plaintiff's remaining claims against Defendants Bone, Picard, and Ward, Plaintiff's claims under § 1983, except as to his claims relating to false arrest and false imprisonment, are dismissed without prejudice. *See Heck v. Humphrey*, 512 U.S. 477 (1994). As to Plaintiff's claims of false arrest and false imprisonment, Defendants' motion for summary judgment is **granted** and these claims are dismissed with prejudice.

To the extent that Plaintiff raises any state law causes of action, this court declines to exercise supplemental jurisdiction over them, and they are dismissed without prejudice. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Taylor v. Waters*, 81 F.3d 429 (4th Cir. 1996).

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON McGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 10, 2010

C:\Documents and Settings\Kgb07\Local Settings\Temp\notesE1EF34\09-779 Carter v, GCSD adoprt rr gr sumjgm.wpd